**Mynor Guillermo ANDRADE–ORTEGA; Ronald Marcelo Andrade–Ortega, Petitioners,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–70994.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.*

Filed March 7, 2011.

Martin Avila Robles, Immigration Practice Group A Professional Corporation, San Francisco, CA, for Petitioners.

Oil, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

MEMORANDUM **

Mynor Guillermo Andrade–Ortega and Ronald Marcelo Andrade–Ortega, natives and citizens of Guatemala, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their motion to reopen. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Garcia v. INS.*, 222 F.3d 1208, 1209 (9th Cir.2000) (per curiam), and we deny the petition for review.

The agency did not abuse its discretion in denying petitioners' motion to reopen because their former counsel received proper notice of the deportation hearing held on January 9, 1997. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(2), *Garcia*, 222 F.3d at 1209 (notice to an attorney of record constitutes notice to petitioner). To the extent petitioners claim exceptional circumstances, petitioners' motion was untimely filed, and petitioners did not demonstrate they warranted equitable tolling. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(1); *Iturribarria*

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*v. INS,* 321 F.3d 889, 897 (9th Cir.2003) (equitable tolling available "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

Petitioners' remaining contentions are unavailing.

Petitioners' motion to withdraw as counsel is denied.

**PETITION FOR REVIEW DENIED.**